RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/29/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JULIUS WARNER MARACALIN  DOCKET NO. 11-CV-935; SEC. P
#02617-095

VERSUS  JUDGE DEE D. DRELL

FEDERAL BUREAU OF PRISONS, ET AL.  MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Julius Warner Maracalin, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff filed a motion for leave to proceed in forma pauperis which was granted on July 15, 2011. [Doc. #4] Plaintiff is an inmate at the United States Penitentiary in Pollock, Louisiana. He claims that the defendants fabricated a disciplinary report against him for which he was convicted and placed in the special housing unit. He states that the disciplinary conviction was ultimately expunged. Plaintiff names as defendants Tony Valencia, R. Childress, Monique Boyle, Kenneth Everhart, T. McQuillin, and Gregory Kizziah. He seeks compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

## Statement of the Case

Plaintiff alleges that on September 16, 2010, Tony Valencia fabricated an incident report against him. Plaintiff informed Defendant Childress that the report was fabricated and that Officer Johnson could verify that. On October 20, 2010, Plaintiff was placed in the special housing unit by Monique Boyle, Kenneth Everhart and Gregory Kizziah. Plaintiff states that the conviction was expunged. [Doc. #1, p.3-4]

## Law and Analysis

Plaintiff's complaint fails to present a constitutional violation. Under § 1983, the law is clear that a mere allegation that an inmate plaintiff has been reported or punished for an act which he did not commit does not amount to a constitutional offense. Collins v. King, 743 F.2d 248 (5th Cir. 1984). As noted in McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983), "The constitution demands due process, not error-free decision-making...." If the disciplinary proceeding was otherwise fair and adequate, the opportunity that it afforded Plaintiff to clear himself of misdeeds which he did not commit sufficed. Plaintiff does not allege that the proceeding was unfair or inadequate. Moreover, he admits that the conviction was ultimately expunged approximately one month after he was charged.

The punishment as alleged - being placed in the special housing unit - does not result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). In Sandin, a disciplinary sentence of a transfer to segregated confinement did not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." The result is the same in this case. See Orellana v. Kyle, 65 F.3d 29 (5th Cir.1995)("After Sandin, .... it is difficult to see that any ... deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status").

Finally, §1997e(e) prevents a prisoner who has not alleged a physical injury from seeking compensatory damages. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Plaintiff has not alleged any physical injury in this case.

Accordingly, the plaintiff's complaint regarding a fabricated disciplinary charge and temporary housing in the special housing unit does not raise a constitutional violation and must be dismissed.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's

complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B).

Plaintiff has already accumulated two "strikes" under the Prison Litigation Reform Act by having two appeals dismissed as frivolous. See U.S. v. Maracalin, 08-31156 (5th Cir.) and Maracalin v. Morrison, 07-40926 (5th Cir.). Therefore, if this case is dismissed, this will be Plaintiff's third strike for purposes of the PLRA. Moreover, Plaintiff has been sanctioned by the Fifth Circuit Court of Appeals and fined $500, which the undersigned notes has not yet been paid.

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

4

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 29th day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE